```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

UNITED STATES OF AMERICA

                                                    Civil No. 3:05cv290LS

v.                                         Criminal No. 3:03cr56LS

CAREY D. UNDERWOOD

<u>ORDER</u>

This cause is before the court on the motion of defendant Carey D. Underwood to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government has responded in opposition. The court, having considered the submissions of the parties, concludes that defendant's motion should be denied.

On January 23, 2004, Underwood pled guilty to one count of bank robbery by force and one count of brandishing a firearm during a crime of violence. He was sentenced on April 2, 2004 to a total of 114 months' imprisonment, and judgment was entered on April 8, 2004. Defendant did not appeal his conviction and sentence. On April 20, 2005, Underwood filed the instant motion seeking to vacate his sentence on various grounds, including ineffective assistance of counsel. At the court's direction, petitioner's former counsel, Dennis Joiner, filed an affidavit responding to each of petitioner's arguments outlined in his § 2255 motion. In addition, the government has filed a response to petitioner's motion, urging that the motion be dismissed.

In grounds one, two and four of his motion, petitioner appears to take issue with the fact that the court imposed, and his counsel failed to object to, a sentence for each count of the

indictment, that being armed bank robbery and brandishing a firearm during a crime of violence, rather than treating the conduct as a single act or crime.  He argues that he used the firearm to rob the bak and was arrested within minutes of the robbery, one block from the bank, in possession of the firearm and the stolen money.  He submits that the robbery and the brandishing of a firearm are essentially the same conduct, but that he was punished twice.  This argument is not well taken, because, as petitioner's former counsel points out, armed bank robbery and brandishing a firearm during a crime of violence are separate statutes and separate crimes, 18 U.S.C. § 2113 and 18 U.S.C. § 924.  As for petitioner's "double jeopardy" argument, the Fifth Circuit has expressly held that "the Double Jeopardy Clause does not prohibit convictions and sentences under both §§ 924(c) and 2113(d)."  U.S. v. Holloway, 905 F.2d 893, 895 (5th Cir. 1990).

In grounds three and five, petitioner argues that the bank that he robbed was not insured by the FDIC, an essential element of the crime of armed bank robbery; and therefore, he contends that he received ineffective assistance of counsel based on his counsel's failure to discover this fact.  He further alleges that because he did not admit that the bank was FDIC insured, the court lacked jurisdiction over his case.  In response, the government submits that the subject bank was in fact FDIC insured at the time of the robbery, and this fact was represented to the court by the Assistant United States Attorney at petitioner's plea hearing and

2

agreed to by petitioner.  A review of the plea transcript confirms the government's assertions.  In addition, petitioner's former counsel explains that Underwood was advised of the elements of the offense the government would be required to prove if the matter went to trial, including the fact that the money was in the possession of a federally insured bank, and that Underwood admitted to all of the elements.

     Based on the foregoing, the court concludes that defendant's § 2255 motion should be denied.

     A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

     SO ORDERED this 18th day of April, 2006.


                                        /s/ Tom S. Lee
                                        UNITED STATES DISTRICT JUDGE